The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Special Deputy Commissioner D. Bernard Alston and the briefs and oral arguments on appeal. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award.
* * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 20 January 1995 as:
STIPULATIONS
1. The date of plaintiff's alleged injury is 1 March 1994.
2. On the date in question the employer-employee relationship existed between the parties, the employer regularly employed more than three (3) employees, and the parties were bound by and subject to the provisions of the Workers' Compensation Act.
3. Plaintiff's average weekly wage is to be calculated from I.C. Form 22, submitted to the Industrial Commission by letter dated 16 February 1995.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Special Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is 37 years of age. He has been employed by defendant-employer as a unit operator since 21 February 1992. His position requires him to perform five separate jobs.
2. On 1 March 1994, plaintiff slipped and fell on some metal steps after leaving an interview at the employer's plant. He landed on his back and injured his left index finger. Plaintiff completed his regular work shift following his fall. He called in sick the next two days and visited the emergency room, where he did not receive any treatment. Plaintiff returned to work on 4 March 1994.
3. On 7 March 1994, plaintiff consulted Dr. Robert Blake, an orthopedic surgeon, who had treated him previously for injuries sustained in a motor vehicle accident in 1986. Plaintiff had injured his low back in the automobile accident and received treatment for that condition between 27 June 1986, and 23 September 1986. Plaintiff returned on 17 March 1987, complaining of low back pain, at which time X-rays revealed degenerative disc disease at L5-S1. Plaintiff returned again in May 1987 after aggravating his back with a twisting motion.
4. Dr. Blake examined plaintiff in 7 March 1994, and saw no visible evidence of injury to plaintiff's lower back, such as a bruise or contusion. Plaintiff's straight leg raising test was normal. Plaintiff could stand on one leg and heel/toe walk without difficulty. Plaintiff had a normal neurological examination, with no evidence of nerve injury or damage. Dr. Blake released plaintiff to return to light duty retroactive to 1 March 1994. He instructed plaintiff not to lift more than 15 pounds. Dr. Blake asked plaintiff to return in two weeks, at which time he anticipated plaintiff's return to full duty.
5. After returning to work on 4 March 1994, plaintiff increased his work time from 40 to 56 hours per week. He worked as a baler, which required him to stand at a table his entire shift and, with the use of a hoist, handle bales of material weighing 1,800 to 3,200 pounds. Plaintiff performed this work without difficulty or complaints related to his lower back.
6. On 21 March 1994, plaintiff resumed his regular duties as previously suggested by Dr. Blake. He performed his job without restrictions or limitations. On 22 March 1994, plaintiff and Mike Whitaker hauled a load of firewood, which plaintiff helped unload. This work required plaintiff to stand, reach, pull and lift pieces of wood.
7. At approximately 2:00 p.m. on 23 March 1994, plaintiff sustained a further injury to his back at home when he hurriedly attempted to step onto or off his porch and across a flower bed. Plaintiff's porch is approximately 2 1/2 feet high. When making this movement, plaintiff experienced a "snap" in his back followed by severe pain that took him to his knees.
8. Following his injury at home, plaintiff immediately sought treatment with Dr. Dufine, a family practice physician. He presented to Dr. Dufine's office on 23 March 1994 ambulating with a cane and requested a wheelchair upon his arrival. Plaintiff reported to Dr. Dufine's nurse that he had an onset of severe low back pain at 2:00 p.m. when he stepped off his porch and felt something "snap" in his low back. Plaintiff reported that he could not stand erect or lift his right leg. He complained of a "burning" sensation across his lower back.
9. Dr. Dufine first saw plaintiff for back pain on 23 February 1993, when plaintiff injured his back lifting two cases of two-liter soda. Plaintiff had twisted his back and had pain radiating into his right hip. On 23 February 1993, plaintiff advised Dr. Dufine that he had experienced similar problems in the past and had been treated by a chiropractor for a long period of time. While under the chiropractor's care, plaintiff feared his condition could limit him to a wheelchair. Plaintiff required physical therapy in February 1993 to improve.
10. Dr. Dufine examined plaintiff on 23 March 1994, and found him to have a positive straight leg raising at 5 degrees, which was a significant change from plaintiff's condition on 7 March 1994, when he saw Dr. Blake. Dr. Dufine felt plaintiff sustained a significant injury on 23 March 1994.
11. Plaintiff returned to Dr. Blake on 25 March 1994. He gave a history of developing back pain "again" when stepping across a flower bed. Plaintiff's clinical examination differed significantly from his examination on 7 March 1994. He had severe scoliosis, which had not been present before. He used a cane to ambulate, which he did not require on 7 March 1994. His straight leg raising had been negative on 7 March 1994 but was strongly positive on March 25. Plaintiff could not stand straight, lift his right leg, or walk properly after the March 23 injury, but had no such limitations on 7 March 1994. Plaintiff described a burning sensation over his low back and radicular pain into his right leg, which was not present on 7 March 1994. On 23 March 1994 plaintiff had evidence of a focal neurological problem, which had not been present before. Dr. Blake took plaintiff off work due to his injury in 23 March 1994. Plaintiff had worked regularly after the office visit on 7 March 1994. Plaintiff remained out of work from 23 March 1994 to 30 September 1994 under Dr. Blake's care.
12. Plaintiff suffers from degenerative disc disease, which is subject to periodic aggravations from a variety of activities and trauma. Prior to 1 March 1994, plaintiff had experienced periodic aggravations of his condition, with resulting pain, scoliosis and related symptoms, such as occurred in May 1987 and February 1993. Plaintiff also underwent an extensive course of chiropractic care for his low back at some indeterminate point.
13. On 1 March 1994, plaintiff sustained an injury by accident arising out of and in the course of his employment when he slipped and fell on the metal steps at work. His injury resulted in a temporary aggravation of his pre-existing degenerative disc disease.
14. The injury sustained by plaintiff on 23 March 1994 occurred independently of plaintiff's injury on 1 March 1994 and did not arise out of the course of the plaintiff's employment.
15. Plaintiff's alleged inability to earn wages beginning 23 March 1994 is not the result of his compensable injury on 1 March 1994, but rather is related to the 23 March 1994 incident.
16. Plaintiff has not sustained any permanent partial disability as a result of his injury on 1 March 1994.
17. The medical care and treatment plaintiff received subsequent to 22 March 1994 were not necessary to effect a cure, or give relief from, nor tended to lessen the period of disability from, plaintiff's injury by accident on 1 March 1994.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident on 1 March 1994. G.S. § 97-2(6). As a result of such injury, plaintiff was temporarily totally disabled for a period of two days. Inasmuch as the period of plaintiff's temporary total disability does not exceed the seven-day waiting period, he is not entitled to disability compensation under the Act. G.S. § 97-28.
2. The medical treatment plaintiff received at the emergency room on or about 4 March 1994, and from Dr. Blake on 7 March 1994 was necessary to effect a cure or give relief from plaintiff's injury by accident on 1 March 1994. G.S. § 97-2(19); G.S. § 97-25. The medical care and treatment plaintiff received subsequent to 22 March 1994, were not necessary to effect a cure, or give relief from, nor tended to lessen the period of disability from, plaintiff's injury by accident on 1 March 1994. Id.
3. The injury plaintiff sustained at home on 23 March 1994 occurred independently of his compensable injury on 1 March 1994, and is not causally related to his compensable injury. Morrisonv. Burlington Industries, 304 N.C. 1, 282 S.E.2d 458 (1981); Larson's Workmen's Compensation § 11(d) (1993). Plaintiff's alleged disability beginning 23 March 1994, is not causally related to his injury by accident on 1 March 1994, and is not compensable under the Act.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Special Deputy Commissioner and enters the following:
AWARD
1. Plaintiff was temporarily totally disabled as a result of his injury by accident for a period of two days. Inasmuch as the period of plaintiff's temporary total disability does not exceed the seven-day waiting period, he is not entitled to disability compensation under the Act.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of his injury by accident on 1 March 1994, when bills for the same have been approved according to procedures established by the Industrial Commission.
3. Inasmuch as plaintiff is not entitled to disability compensation under the Act, there is no compensation from which to award an attorney's fee.
4. Defendant shall pay all costs including expert witness fees previously approved by the Commission.
 S/ ___________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ___________________ DIANNE C. SELLERS COMMISSIONER
S/ ___________________ COY M. VANCE COMMISSIONER